UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ERIC FLORES,                       )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )    Case No. 2:13-cv-226
                                   )
UNITED STATES ATTORNEY             )
GENERAL, UNITED STATES             )
DEPARTMENT OF HEALTH               )
AND HUMAN SERVICES,                )
SIERRA MEDICAL CENTER,             )
                                   )
     Defendants.                   )

OPINION AND ORDER
(Doc. 1)

Plaintiff Eric Flores, proceeding *pro se*, brings this action claiming that unnamed government employees, at the direction of foreign nations, have used satellite transmissions to harm numerous individuals, including Mr. Flores himself.  Before the court is Mr. Flores's motion for leave to proceed *in forma pauperis*.  Because the supporting financial affidavit meets the requirements of 28 U.S.C. § 1915(a), the motion to proceed *in forma pauperis* (Doc. 1) is GRANTED.  However, for the reasons set forth below, this case is DISMISSED.

Factual Background

Mr. Flores claims that "diplomatic persons of another

nation . . . have solicit[]ed an organized group of executive employees of the federal government" to use

> advanced technology with a direct signal to the satellite in outerspace that has the capability of calculate[]ing a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

(Doc. 1-2 at 13.) As an example of the many individual claims he asserts in his 104-page Complaint, Mr. Flores alleges that satellites caused Cynthia Lorenza Flores to suffer spinal, heart, and abdominal pain; caused her body temperature to rise to over 110 degrees, resulting in second-degree burns; caused her to use cocaine; and communicated "vulgar language" that led "to sleep deprivation almost resulting in her death requiring medical treatment." *Id.* at 13-18. He further claims that "the satellite in outerspace . . . has the capability of calculat[]ing a genetic code to virtu[ally] communicate threats to use a weapon such as a gun to shoot and cause the death of Cynthia Lorenza Flores," and to "take physical control of [her] mental state of mind while she is driving a vehicle for the purpose of compel[l]ing her into an act of dures[s] such as crashing her vehicle into another object or

person." *Id.* at 18-19.  Mr. Flores sets forth similar allegations of harm with respect to himself; Javior Vensor Flores Sr.; Andy Flores; Joanna Flores; Steven Flores; Micheal Rene Flores; Evagelina Salas Mendoza; and other Mexican-Americans citizens of the United States whom Mr. Flores names as a potential class of plaintiffs.

Some of the victims of these alleged attacks received medical treatment at Sierra Medical Center in El Paso, Texas.  Mr. Flores now requests assistance from the U.S. Department of Health and Human Services to determine whether Sierra Medical Center "departed from accepted standards of medical care" by refusing to disclose medical records that would help him prove his theory of satellite attacks.  *Id.* at 98.  Mr. Flores also requests a grand jury investigation, disclosure by the U.S. Attorney General as to the government's motives for the alleged attacks, and a court order barring government retaliation that might occur as result of this court filing.

This is not the first time Mr. Flores has raised these, or similar, claims in federal court.  Indeed, this Court has dismissed two nearly-identical actions.  *See Flores v. U.S. Atty. Gen.*, Case No. 5:13-cv-7 (Doc. 2.); *Flores v. U.S.*

*Atty. Gen.*, 2013 WL 969057 (D. Vt. Mar. 12, 2013).  Other courts have also received Mr. Flores's claims of government employees directing satellite transmissions at Mexican-American citizens.  *See Flores v. United States Attorney General*, 442 F. App'x 383, 385 (10th Cir. 2011); *Flores v. United States Attorney General*, 434 F. App'x 387, 388 (5th Cir. 2011); *Flores v. McDoug*, 2011 WL 2729192, at *1 (W.D. Tex. July 12, 2011); *Flores, et al. v. United States*, 2011 WL 1457142, at *4 (Fed. Cl.  Apr. 8, 2011). These claims have been uniformly dismissed as frivolous, and one court has barred Mr. Flores from filing anything further in this regard, noting that he has "a lengthy history of vexatious filings."  *Flores*, 2011 WL 2729192, at *1-*2.

## Discussion

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Nonetheless, pursuant to the *in forma pauperis* statute, a district court may dismiss a case if it determines that the complaint "is frivolous or malicious;

fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court also has inherent authority to dismiss a case that presents no meritorious issue. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue").

The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (complaint lacks an arguable basis "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional"). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts

available to contradict them." *Denton*, 504 U.S. at 33.

In Mr. Flores's most recent action before this Court, Chief Judge Reiss concluded as follows:

> Here, the Complaint alleges that unnamed federal employees, acting on behalf of foreign diplomats, have caused and continue to cause harm by means of signals from satellites.  The Complaint further alleges that medical documents evidencing such harm have been wrongfully withheld.  As noted above, a number of courts have reviewed Mr. Flores's claims previously, and each has dismissed the complaint for lack of an arguable basis in law or fact.  The same result is warranted here.

*Flores*, 2013 WL 969057 at *2.  The Court now applies this same conclusion to the instant case, as the allegations are essentially identical to those presented before Chief Judge Reiss.

Judge Reiss also noted, and the Court reasserts here, that Mr. Flores may not represent a "protected class" of plaintiffs.  *Id.* at *3 (citing *Nwanze v. Philip Morris Inc.*, 100 F. Supp. 2d 215, 218 n.3 (S.D.N.Y. 2000) (recognizing "the well established federal rule forbidding *pro se* plaintiffs from conducting class action litigation"); *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.")).  Finally, the Court declines to *sua sponte* grant Mr. Flores leave to amend his claims, as

any such amendment would be futile.  *See Flores*, 2010 WL 5540951, at *4 (denying leave to amend because amendment would not raise Mr. Flores's claims above "the realm of the irrational and fantastic"); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [*pro se* plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.").

Conclusion

For the reasons discussed above, and having conducted the review required under 28 U.S.C. §§ 1915(e)(2)(B), Mr. Flores's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED.

Dated at Burlington, in the District of Vermont, this 24th day of September, 2013.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court